■ JAMES P. MANNIX, Appellant, v MELINDA HOSIER et al., Respondents. [672 NYS2d 574] —Order unanimously reversed on the law without costs and motion denied. Memorandum: Plaintiff was a client of defendant Merrill Lynch, Pierce, Fenner & Smith and, over a course of years, executed cash management account agreements containing arbitration clauses. When plaintiff's broker, defendant Michael Keene, gave plaintiff investment advice on which plaintiff relied to his detriment,

plaintiff allegedly initiated a course of conduct that culminated in Keene filing criminal charges against him. Plaintiff was charged with aggravated harassment in the second degree (Penal Law § 240.30 [2]) and harassment in the first degree (Penal Law § 240.25).

Plaintiff was acquitted of both charges following a criminal trial and thereafter commenced this action for malicious prosecution. Defendants moved to compel arbitration in accordance with the cash management agreements previously executed by plaintiff. Supreme Court erred in granting the motion. Plaintiff's action arises out of conduct only collaterally related to the financial relationship between the parties. While the arbitration clauses at issue are broad, we conclude that this tort action is not within their scope (*see, Kurschus v PaineWebber, Inc.*, 1996 WL 39326, 1996 US Dist LEXIS 962 [SD NY, Feb. 1, 1996, Leisure, J.]; *see generally, Matter of Primex Intl. Corp. v Wal-Mart Stores*, 89 NY2d 594, 598-599). (Appeal from Order of Supreme Court, Monroe County, Wisner, J.— Arbitration.) Present—Green, J. P., Lawton, Hayes, Pigott, Jr., and Balio, JJ.