988 A.2d 101 (2010)
411 N.J. Super. 515
Joseph GRIFFIN, Plaintiff-Appellant,
v.
BURLINGTON VOLKSWAGEN, INC., and Augustine Staino, Defendants-Respondents.
No. A-2727-08T1.
Superior Court of New Jersey, Appellate Division.
Submitted October 27, 2009.
Decided February 8, 2010.
J. Craig Currie (J. Craig Currie & Associates), attorney for appellant.
Wardell, Craig, Annin & Baxter, attorneys for respondents (Jeffrey S. Craig and Domenic B. Sanginiti, Jr., Haddonfield, on the brief).
Before Judges SKILLMAN, GILROY and SIMONELLI.
SKILLMAN, P.J.A.D.
In August 2006, plaintiff Joseph Griffin purchased a car from defendant Burlington Volkswagen. This purchase required Griffin to obtain financing. According to Griffin, he was assured at the time of the sale by defendant Augustine Staino, an employee of Burlington Volkswagen, that he had already been approved *102 for such financing. After paying a $1,000 deposit and signing a retail order form, Griffin obtained possession of the car and thereafter received what he described as a "certificate of ownership." Griffin subsequently drove the car to Texas where he was enrolled in college.
Approximately a month after entering into this transaction, Griffin was informed by Burlington Volkswagen that the third-party lender it had expected to provide financing for Griffin's purchase of the car had changed its mind and was unwilling to provide financing. Moreover, Burlington Volkswagen declined to finance the purchase itself and instead undertook efforts to repossess the car from Griffin. According to Griffin, these efforts consisted of harassing telephone calls to Griffin and his employer at Griffin's place of employment and to Griffin and his girlfriend at their residence.
According to Griffin, Burlington Volkswagen also reported to the Burlington Police Department that Griffin had stolen the car by forcibly removing it from their premises. As a result of this report, a warrant was issued for Griffin's arrest. Based on this warrant, Griffin was arrested while driving the car in Mississippi and incarcerated overnight. Griffin had to retain local counsel, post a bond, and remain in Mississippi until he provided an explanation for his possession of the car sufficient for Mississippi law enforcement authorities to allow his release. Griffin also alleges that the Mississippi police seized the car and that he has not seen the car since.
Thereafter, Griffin had to return to New Jersey to respond to the criminal charges brought against him as a result of Burlington Volkswagen's report of his theft of the car. On May 7, 2007, those charges were dismissed.
Griffin subsequently brought this damages action against Burlington Volkswagen and Staino in the Law Division, asserting common law claims for false arrest, false imprisonment, malicious prosecution, abuse of process, invasion of privacy, and intentional infliction of emotional distress and a statutory claim under the New Jersey Civil Rights Act of 2004, N.J.S.A. 10:6-1 to -2.
Before filing an answer, Burlington Volkswagen moved to dismiss Griffin's complaint on the ground that he was required to arbitrate his claims under an arbitration provision contained in the retail order form. The trial court granted this motion. Griffin appeals.
The arbitration provision that the trial court concluded requires Griffin to arbitrate his claims against Burlington Volkswagen states in pertinent part:
The parties to this agreement agree to arbitrate any claim, dispute, or controversy, including all statutory claims and any state or federal claims, that may arise out of or relating to the purchase or lease identified in this Motor Vehicle Retail Order and the financing thereof. By agreeing to arbitration, the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceeding, to settle their disputes. New Jersey Consumer Fraud Act, Used Car Lemon Law, and Truth-in-Lending claims are just three examples of the various types of claims subject to arbitration under this agreement. ... There are no limitations on the type of claims that must be arbitrated, except for New Car Lemon Law and Magnuson-Moss Warranty Act claims which are excluded from arbitration under this agreement.
It is firmly established in this State that "[b]ecause of the favored status *103 afforded to arbitration, `[a]n agreement to arbitrate should be read liberally in favor of arbitration.'" Garfinkel v. Morristown Obstetrics & Gynecology Assocs., 168 N.J. 124, 132, 773 A.2d 665 (2001) (quoting Marchak v. Claridge Commons, Inc., 134 N.J. 275, 282, 633 A.2d 531 (1993)). Therefore, "courts operate under a `presumption of arbitrability in the sense that an order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration clause is not susceptible of an interpretation that covers the asserted dispute.'" EPIX Holdings Corp. v. Marsh & McLennan Cos., 410 N.J.Super. 453, 471, 982 A.2d 1194 (App.Div.2009) (quoting Caldwell v. KFC Corp., 958 F.Supp. 962, 973 (D.N.J.1997)).
Courts have generally read the terms "arising out of" or "relating to" a contract as indicative of an "extremely broad" agreement to arbitrate any dispute relating in any way to the contract. Angrisani v. Financial Tech. Ventures, L.P., 402 N.J.Super. 138, 149, 952 A.2d 1140 (App. Div.2008); accord EPIX Holdings, supra, 410 N.J.Super. at 472, 982 A.2d 1194 (quoting with approval the court's "expansive interpretation" in Sweet Dreams Unlimited, Inc. v. Dial-A-Mattress Int'l, Inc., 1 F.3d 639, 642 (7th Cir.1993), of "an arbitration clause applying to disputes `arising out of the agreement' as including `any dispute between the contracting parties that is in any way connected with their contract.'").
Arbitration provisions using such expansive language are construed to require arbitration of statutory claims such as alleged civil rights violations and common law torts. See, e.g., EPIX Holdings, supra, 410 N.J.Super. at 461, 468-75, 982 A.2d 1194 (tort claims including breach of fiduciary duty, negligent misrepresentation, and fraud); Alfano v. BDO Seidman, LLP., 393 N.J.Super. 560, 575-77, 925 A.2d 22 (App.Div.2007) (tort claims including fraud and civil conspiracy); Gras v. Assocs. First Capital Corp., 346 N.J.Super. 42, 54-57, 786 A.2d 886 (App.Div.2001) (Consumer Fraud Act claim); Young v. Prudential Ins. Co., 297 N.J.Super. 605, 608, 614-21, 688 A.2d 1069 (App.Div.1997) (Law Against Discrimination and Conscientious Employee Protection Act claims).
The retail order form signed by Griffin included an expansive form of arbitration clause under which he agreed "to arbitrate any claim, dispute, or controversy ... that may arise out of or relating to the purchase... identified in the Motor Vehicle Retail Order and the financing thereof." Griffin's claims "arise out of" and "relate to" the actions that Burlington Volkswagen took after Griffin retained possession of the car even though financing for this transaction was not obtained and Griffin made no payments beyond his initial $1,000 deposit. Specifically, Griffin alleges that Burlington Volkswagen attempted to repossess the car by wrongfully reporting to the Burlington Police Department that he had stolen it, as a result of which he was arrested and incarcerated in Mississippi and had to defend himself against criminal charges. Griffin's claims of false arrest, false imprisonment, abuse of process, and malicious prosecution based on Burlington Volkswagen's actions will depend, at least in part, on a determination of the parties' respective interests in the car under the Motor Vehicle Retail Order in light of the failure to obtain financing for Griffin's purchase. Therefore, Griffin's claims "arise out of" and "relate to" this consumer transaction and are thus subject to the arbitration clause contained in the retail order form. See Dan Wachtel Ford, Lincoln, Mercury, Inc. v. Modas, 891 So.2d 287 (Ala.2004) (holding that plaintiff's claims of "malicious prosecution.. . and abuse of process [arose] out of *104 actions taken by [defendant upon plaintiff's] refusal to return" a car after defendant was unable to find financing). But see Mannix v. Hosier, 249 A.D.2d 966, 672 N.Y.S.2d 574, 575 (App.Div.1998) (holding that plaintiff's claim of malicious prosecution that resulted from harassment charges brought by plaintiff's broker "only collaterally related to the financial relationship between the parties").
Griffin analogizes Burlington Volkswagen's action in reporting that the car had been stolen to the police to a Burlington Volkswagen employee assaulting him in order to regain possession of the car. However, a tort claim based on such an assault would not require a determination of the parties' respective rights in the car under the Motor Vehicle Retail Order. A Missouri court has concluded that
for a tort claim to be subject to arbitration under a broad arbitration clause, it must raise some issue the resolution of which requires reference to or construction of some portion of the parties' contract. Where, however, a tort claim is independent of the contract terms and does not require reference to the underlying contract, arbitration is not compelled.
[Estate of Athon v. Conseco Finance Servicing Corp., 88 S.W.3d 26, 30 (Mo. Ct.App.2002) (citations omitted).]
See also EPIX Holdings, supra, 410 N.J.Super. at 475, 982 A.2d 1194 (requiring arbitration under expansive arbitration clause because plaintiff could not "maintain its claim for damages without reference to, and reliance upon, the underlying contract"). Under this approach to determining arbitrability under the broad form of arbitration clause involved in this case, a tort claim based on an assault upon Griffin to regain possession of the car would not be subject to arbitration because it would not require "reference to the underlying contract." However, Griffin's tort claims against Burlington Volkswagen are subject to arbitration because they depend in part on an interpretation of the parties' rights under the Motor Vehicle Retail Order.
As alternative grounds for reversal of the judgment dismissing his complaint, Griffin also argues that Burlington Volkswagen should be foreclosed from relying upon the arbitration clause because its invocation of the criminal process to regain possession of the car constituted a waiver or equitably estopped Burlington Volkswagen from seeking arbitration of Griffin's claims. These arguments are clearly without merit. R. 2:11-3(e)(1)(E).
Affirmed.