NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R.1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-1355-16T4

AMANDA KERNAHAN,

 Plaintiff-Respondent,

v.

HOME WARRANTY ADMINISTRATOR
OF FLORIDA, INC. and CHOICE
HOME WARRANTY,

 Defendants-Appellants.
____________________________

 Submitted May 8, 2017 – Decided June 23, 2017

 Before Judges Nugent and Currier.

 On appeal from the Superior Court of New
 Jersey, Law Division, Middlesex County, Docket
 No. L-7052-15.

 Archer & Greiner, P.C., attorneys for
 appellants (Lori Grifa, of counsel; Ms. Grifa
 and Josiah Contarino, on the briefs).

 Keefe Law Firm and Carton & Rudnick, attorneys
 for respondent (Stephen T. Sullivan, Jr., and
 Jonathan Rudnick, on the brief).

PER CURIAM

 Defendants, Home Warranty Administrator of Florida, Inc.

(Choice Florida) and Choice Home Warranty (Choice Home), appeal
from the denial of their motion for dismissal of the complaint,

contending that the arbitration provision contained in the

parties' agreement was enforceable. Because the arbitration

clause did not provide plaintiff Amanda Kernahan with adequate

notice that she was relinquishing her right to bring a consumer

fraud claim in court, we affirm.

 In March and April 2015 plaintiff purchased a service

agreement (agreement) from each of the defendants. The agreements

provided for the repair or replacement of home appliances and

systems. Upon the consumer's request, defendants would arrange

for a service provider to repair or replace the systems and

appliances listed in the contracts.

 Plaintiff cancelled the first contract in June 2015 and

received a refund of her full purchase price. She submitted claims

and received benefits in excess of $3000 on the Choice Home

agreement.

 In November 2015, plaintiff filed a class action complaint

alleging violations of the New Jersey Consumer Fraud Act (CFA),

N.J.S.A. 56:8-1 to -204, and the New Jersey Truth in Consumer

Contract, Warranty and Notice Act (TCCWNA), N.J.S.A. 56:12-14 to

-18, as well as breach of the implied covenant of good faith and

fair dealing. Plaintiff alleged that the agreement misrepresented

the term of the contract. The cover page stated that the contract

 2 A-1355-16T4
term was for three and a half years from "4/23/2015-10/23/2018."

On the second page of the agreement, however, under "COVERAGE

PERIOD," it stated that "[c]overage starts 30 days after acceptance

of application by Us and receipt of applicable contract fees and

continues for 365 days from that date." (emphasis added).

 Plaintiff also asserted that a section of the Agreement

located on the last page entitled "MEDIATION" failed to advise her

that she was waiving her right to file a court action and have her

claims decided by a jury; instead she was required to present her

claims in an arbitration, at which the remedies of treble damages,

punitive damages, attorney's fees and costs were not available.

 Defendants moved to dismiss the complaint, or alternatively,

to compel arbitration pursuant to the provision in the agreement.

On May 27, 2016, following oral argument, the judge issued an oral

decision from the bench. After setting forth the standard for the

dismissal of a complaint under Rule 4:6-2, the judge found that

plaintiff had sufficiently pleaded her causes of action to avoid

dismissal. In his consideration of the arbitration clause, the

judge found it did not comply with the requirements established

by the Supreme Court in Atalese v. U.S. Legal Servs. Grp., L.P.,

219 N.J. 430, 442 (2014), cert. denied, ___ U.S. ___, 135 S. Ct.

2804, 192 L. Ed. 2d 847 (2015). The motion judge determined that

the arbitration provision failed to apprise plaintiff of the

 3 A-1355-16T4
required notice elements and of the rights she was waiving. The

motion to dismiss the complaint or compel arbitration was denied.

 A subsequent motion for reconsideration was denied in a

written decision of November 18, 2016. In his decision, the judge

expanded on his reasons for the unenforceability of the arbitration

clause. He stated that the "provision is not written in a clear

and straightforward manner and is not satisfactorily distinguished

from other contract terms." The clause was on page five in a

five-page contract within a paragraph entitled "Mediation." The

judge noted that there was no language advising plaintiff that she

was waiving her right to bring her claims in court and proceed to

a jury trial.

 On appeal, defendants contend that the arbitration provision

conforms with the requirements of Atalese and is enforceable. We

disagree.

 The validity of an arbitration agreement is a question of

law; therefore, our review of the order denying arbitration is de

novo. Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)

(citing Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140

N.J. 366, 378 (1995)). "A trial court's interpretation of the law

and the legal consequences that flow from established facts are

not entitled to any special deference." Manalapan Realty, supra,

140 N.J. at 378 (citations omitted).

 4 A-1355-16T4
 Defendants contend that the arbitration provision in its

agreement is valid under Atalese and sufficiently informs

plaintiff that her sole remedy is arbitration. The clause states:

 G. MEDIATION

 In the event of a dispute over claims or
 coverage You agree to file a written claim
 with Us and allow Us thirty (30) calendar days
 to respond to the claim. The parties agree
 to mediate in good faith before resorting to
 mandatory arbitration in the State of New
 Jersey. Except where prohibited, if a dispute
 arises from or relates to this Agreement or
 its breach, and if the dispute cannot be
 settled through direct discussions you agree
 that:

 1. Any and all disputes, claims and
 causes of action arising out of or
 connected with this Agreement shall
 be resolved individually, without
 resort to any form of class action.

 2. Any and all disputes, claims and
 causes of action arising out of or
 connected with this Agreement
 (including but not limited to
 whether a particular dispute is
 arbitrable hereunder) shall be
 resolved exclusively by the
 American Arbitration Association in
 the state of New Jersey under its
 Commercial Mediation Rules.
 Controversies or claims shall be
 submitted to arbitration regardless
 of the theory under which they
 arise, including without limitation
 contract, tort, common law,
 statutory, or regulatory duties or
 liability.

 5 A-1355-16T4
 3. Any and all claims, judgments and
 awards shall be limited to actual
 out-of-pocket costs incurred to a
 maximum of $1500 per claim, but in
 no event attorneys fees.

 4. Under no circumstances will you
 be permitted to obtain awards for,
 and you hereby waives [sic] all
 rights to claim, indirect,
 punitive, incidental and consequen-
 tial damages and any other damages,
 other than for actual out-of-pocket
 expenses, and any and all rights to
 have damages multiplied or other-
 wise increased. All issues and
 questions concerning the con-
 struction, validity, interpretation
 and enforceability of this
 Agreement, shall be governed by, and
 construed in accordance with, the
 laws of the State of New Jersey,
 U.S.A. without giving effect to any
 choice of law or conflict of law
 rules (whether of the State of New
 Jersey or any other jurisdiction),
 which would cause the application of
 the laws of any jurisdiction other
 than the State of New Jersey.

 An agreement to arbitrate "must be the product of mutual

assent, as determined under customary principles of contract law."

Atalese, supra, 219 N.J. at 442 (citation omitted). Mutual assent

requires that the parties understand the terms of their agreement.

Ibid. Our Supreme Court has recognized that "[c]onsumers can

choose to pursue arbitration and waive their right to sue in court,

but should know that they are making that choice." Id. at 435.

 6 A-1355-16T4
 In considering whether an agreement includes a waiver of a

party's right to pursue a case in a judicial forum, "clarity is

required." Moore v. Woman to Woman Obstetrics & Gynecology,

L.L.C., 416 N.J. Super. 30, 37 (App. Div. 2010) (citing Fawzy v.

Fawzy, 199 N.J. 456, 469-70 (2009)). That is, the waiver "must

be clearly and unmistakably established," Garfinkel v. Morristown

Obstetrics & Gynecology Assocs., 168 N.J. 124, 132 (2001) (citation

omitted), and "should clearly state its purpose," Marchak v.

Claridge Commons, Inc., 134 N.J. 275, 282 (1993). And the parties

must have full knowledge of the legal rights they intend to

surrender. Knorr v. Smeal, 178 N.J. 169, 177 (2003) (citing W.

Jersey Title & Guar. Co. v. Ind. Trust Co., 27 N.J. 144, 153

(1958)). Although an arbitration clause need not identify "the

specific constitutional or statutory right guaranteeing a citizen

access to the courts" that is being waived, it must "at least in

some general and sufficiently broad way" convey that parties are

giving up their right to bring their claims in court or in front

of a jury. Atalese, supra, 219 N.J. at 447. An arbitration

agreement that fails to "clearly and unambiguously signal" to

parties that they are surrendering their right to pursue a judicial

remedy renders such an agreement unenforceable. Id. at 444, 448.

 In Atalese, the Court provided several examples of language

sufficient to meet these expectations. Each example explicitly

 7 A-1355-16T4
stated that arbitration was the sole remedy under the contract and

that the party was waiving the right to bring a suit in court.

For example, the Court referred to Martindale v. Sandvik, Inc.,

173 N.J. 76, 81-82 (2002), where the Court had previously "upheld

an arbitration clause because it explained that the plaintiff

agreed 'to waive [her] right to a jury trial' and that 'all

disputes relating to [her] employment . . . shall be decided by

an arbitrator.'" Atalese, supra, 219 N.J. at 444 (alteration in

original). See also Griffin v. Burlington Volkswagen, Inc., 411

N.J. Super. 515, 518 (App. Div. 2010); Curtis v. Cellco P'ship,

413 N.J. Super. 26, 31 (App. Div.), certif. denied, 203 N.J. 94

(2010).

 The key, as the Court recognized, is clarity; the parties

must know at the time of formation that "there is a distinction

between resolving a dispute in arbitration and in a judicial

forum." Atalese, supra, 219 N.J. at 445. See also Rockel v. Cherry

Hill Dodge, 368 N.J. Super. 577, 583-87 (App. Div.), certif.

denied, 181 N.J. 545 (2004).

 With these principles in mind, we have considered the language

in this arbitration provision and agree with the trial judge that

it failed to clearly and unambiguously inform plaintiff of her

waiver of the right to pursue her claims in a judicial forum. To

the contrary, the clause before us does not contain any waiver

 8 A-1355-16T4
language at all. As the Supreme Court noted, "an average member

of the public may not know – without some explanatory comment –

that arbitration is a substitute for the right to have one's claim

adjudicated in a court of law." Atalese, supra, 219 N.J. at 442.

Just stating that arbitration is the "exclusive" remedy, as this

provision does, is not sufficient. It must be clear to the parties

that "arbitration is a substitute for the right to seek relief in

our court system," and by agreeing to this provision, the parties

have waived their right to a court action. Morgan v. Sanford

Brown Inst., 225 N.J. 289, 307-08 (2016). The deficiency renders

the arbitration clause unenforceable.

 Affirmed.

 9 A-1355-16T4