**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4211-18T3

JARROD MAGA,

     Plaintiff-Appellant,

v.

PREMIER CONSULTING GROUP,
INC., d/b/a XTENSEGRITY/ZAG,
MADHU MADHAVAN, and
MOHAN VENGLAT,

     Defendants-Respondents.

_____

Argued November 19, 2019 – Decided January 29, 2020

Before Judges Hoffman, Currier and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Mercer County, Docket No. L-2329-18.

Jamison M. Mark argued the cause for appellant (Mark Law Firm LLC, attorneys; Jamison M. Mark, of counsel and on the briefs).

Jay H. Ganatra argued the cause for respondents (Hartmann Doherty Rosa Berman & Bulbulia, LLC, attorneys; Paul Schoonmak Doherty, III, Kelly A. Zampino, and Jay H. Ganatra, on the brief).

PER CURIAM

Plaintiff Jarrod Maga appeals from an order dismissing his complaint and compelling arbitration. Because we conclude the arbitration agreement did not include a sufficiently clear waiver of plaintiff's right to litigate his claims in court, we reverse.

In March 2017, plaintiff was hired by defendant Premier Consulting Group Inc. After he filed a complaint with the United States Department of Labor about defendant, he was terminated in 2018. Plaintiff filed suit, alleging breach of contract, unjust enrichment, violation of the Wage Payment Law, N.J.S.A. 34:11-4.1 to -4.14, and that his termination constituted retaliation under the Conscientious Employee Protection Act (CEPA), N.J.S.A. 34:19-1 to -14.

At the time of his hiring, plaintiff signed an employment agreement. Section 9 is entitled Resolution of Disputes. Section 9.1 states:

> Subject to the provisions of Subsection 9.2 of this Agreement, any and all controversies or claims arising out of or relating to this Agreement, its performance, construction, interpretation or breach, or otherwise relating to or arising from [plaintiff's] employment or the termination thereof (including claims for employment discrimination or claims under any local, state or federal statute or regulation), shall be resolved by final and binding arbitration, to the greatest extent allowed by law, which arbitration will be conducted in Delaware in accordance with the rules of the American Arbitration Association then in effect, and any award

A-4211-18T3

that may be rendered by the arbitrator or arbitrators may be enforced in any court of competent jurisdiction. The arbitrator shall have no authority to change or modify any provision of this Agreement.

Defendants moved to dismiss the complaint and compel arbitration under the agreement. In his opposition, plaintiff argued the terms of the agreement were ambiguous and Section 9.1 lacked the legally required language for his knowing waiver and for a meeting of the minds. In addition, because the agreement did not have a separate provision advising of the waiver of a jury trial, it was unenforceable.

The court granted the motion in a March 29, 2019 order and written decision. Finding the arbitration clause was clear that all claims arising out of the agreement, including discrimination claims, would be resolved by final and binding arbitration, the court dismissed the complaint without prejudice and ordered the parties to arbitrate their dispute. The court denied plaintiff's motion for reconsideration on May 10, 2019.

Plaintiff argues on appeal, as he did before the trial court, that the arbitration clause in the employment agreement was unenforceable because it did not refer to an explicit waiver of a jury trial. He contends there is a fundamental right to a jury in a CEPA matter, and case law, specifically Atalese

A-4211-18T3

v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430 (2014), requires arbitration clauses to contain an express waiver of the right to a jury.

We review the trial court's determination of the enforceability of an arbitration clause in a contract de novo. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). "The enforceability of arbitration provisions is a question of law; therefore, it is one to which we need not give deference to the analysis by the trial court . . . ." Ibid. (citing Morgan v. Sanford Brown Inst., 225 N.J. 289, 303 (2016)).

The Federal and New Jersey Arbitration Acts, see 9 U.S.C. §§ 1 to 16 and N.J.S.A. 2A:23B-1 to -32, express a general policy favoring arbitration. Atalese, 219 N.J. at 440 (citing AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011)). "The public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015) (citing Cty. Coll. of Morris Staff v. Cty. Coll. of Morris Staff Ass'n, 100 N.J. 383, 390 (1985)). While enforcement is favored, it "does not mean that every arbitration clause, however phrased, will be enforceable." Atalese, 219 N.J. at 441 (citing Hirsch, 215 N.J. at 187).

A-4211-18T3

In Atalese, the Court held that "[t]he absence of any language in the arbitration provision that plaintiff [is] waiving [his or] her statutory right to seek relief in a court of law renders the provision unenforceable." Id. at 436 (emphasis in original). While no precise set of words must be included in the arbitration provision, the words that make up the clause "must be clear and unambiguous that a consumer is choosing to arbitrate disputes rather than have them resolved in a court of law." Id. at 447.

The Atalese Court provided several examples of language that would meet its expectations of clarity and proper notice to a person that he or she was giving up his or her right to a jury trial. The Court noted the language in Griffin where this court upheld an arbitration clause, which expressed that "[b]y agreeing to arbitration, the parties understand and agree that they are waiving their rights to maintain other available resolution processes, such as a court action or administrative proceeding, to settle their disputes." Atalese, 219 N.J. at 445 (alteration in original) (quoting Griffin v. Burlington Volkswagen, Inc., 411 N.J. Super. 515, 518 (App. Div. 2010)).

The Court offered other examples: where the arbitration clause stated "the plaintiff agreed 'to waive [her] right to a jury trial,'" and where the arbitration clause stated: "Instead of suing in court, we each agree to settle disputes . . .

only by arbitration," where "[t]here's no judge or jury. . . ." Id. at 444-45 (first alteration in original) (first quoting Martindale v. Sandvik, Inc., 173 N.J. 76, 81-82, 96 (2002); and then quoting Curtis v. Cellco P'ship, 413 N.J. Super. 26, 31 (App. Div. 2010)). The Court stated an arbitration "clause, at least in some general and sufficiently broad way, must explain that the plaintiff is giving up her right to bring her claims in court or have a jury resolve the dispute." Id. at 447.

Here, the arbitration clause is deficient under the Atalese standard. Although the clause does reference final binding arbitration and provides a venue and arbitration forum, it lacks any mention of the waiver of any right or that plaintiff is foreclosed from bringing a claim in court. The signor of the agreement is not advised that arbitration is a waiver of the right to bring a suit in a judicial forum.

While the language suggested in Atalese to satisfy a knowing waiver of a basic right may be simple in its words, it is crucial in its significance. Without a reference to a waiver of a right, one cannot know with certainty "that arbitration is a substitute for the right to have one's claim adjudicated in a court of law." Id. at 442. Therefore, the arbitration clause here is unenforceable.

A-4211-18T3

Reversed and remanded for further proceedings. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4211-18T3