NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 15-1054
_____

DAWN GUIDOTTI, on behalf of herself and all other class members similarly situated

v.

LEGAL HELPERS DEBT RESOLUTION, L.L.C. also known as The Law Firm of
Macey, Aleman, Hyslip and Searns; ECLIPSE SERVICING INC, formerly known as
Eclipse Financial, Inc.; GLOBAL CLIENT SOLUTIONS, L.L.C.; LEGAL SERVICES
SUPPORT GROUP, L.L.C.; JG DEBT SOLUTIONS, L.L.C.; ROCKY MOUNTAIN
BANK AND TRUST  OF COLORADO SPRINGS, COLORADO; LYNCH
FINANCIAL SOLUTIONS, INC., trading as Financial Solutions Legal Center or
Financial Solutions Consumer Center or Financial Solutions Processing Center; JEM
GROUP, INC.; CENTURY MITIGATIONS, L.P.; LEGAL HELPERS, P.C., trading as
The Law Firm of Macey and Aleman; THOMAS G. MACEY; JEFFREY J. ALEMAN;
JASON E. SEARNS; JEFFREY HYSLIP; THOMAS M. NICELY; JOEL GAVALAS;
AMBER N. DUNCAN;  HARRY HEDAYA; DOUGLAS L. MCCLURE; MICHAEL
HENDRIX; JOHN DOE(S) 1-1000; JIM DOE(S) 1-1000; TOM DOE(S) 1-1000, the said
names of John Doe(s),  Jim Doe(s) and Tom Doe(s) being fictitious; STEPHEN CHAYA;
RELIANT ACCOUNT MANAGEMENT, L.L.C.

Global Client Solutions, LLC; Rocky Mountain Bank and Trust,
                                                                    Appellants
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. No. 1-11-cv-01219)
District Judge: Honorable Jerome B. Simandle
_____

Argued January 21, 2016

Before:  JORDAN, HARDIMAN, and GREENAWAY, JR., *Circuit Judges*.
(Filed: February 10, 2016)

Joseph M. Pinto [Argued]
Polino and Pinto
720 East Main Street, Suite 1C
Moorestown, NJ 08057
     *Counsel for Appellee*

John H. Pelzer [Argued]
Greenspoon Marder
200 East Broward Boulevard, Suite 1800
Fort Lauderdale, FL 33301

     *Counsel for Appellants*

_____

OPINION[*]
_____

HARDIMAN, *Circuit Judge*.

Global Client Solutions, LLC and Rocky Mountain Bank and Trust (RMBT) appeal the District Court's order denying their motion to compel arbitration of a putative class action filed by Dawn Guidotti. For the reasons that follow, we will vacate and remand for further proceedings.

I

Guidotti sued Global, RMBT, and twenty other named defendants in New Jersey Superior Court asserting claims under the state's Consumer Fraud Act, Debt Adjustment and Credit Counseling Act, civil racketeering statutes, and various common law causes of action. *See* N.J. Stat. Ann. §§ 56:8-19, 17:16G-8, and 2C:41-4. Guidotti's complaint

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

2

alleged that the defendants conspired to defraud her by promising to reduce her unsecured consumer debt by negotiating with her creditors, and then draining her of her remaining assets without engaging in any negotiations. Global and RMBT's role in the alleged conspiracy was to operate a bank account into which Guidotti made monthly payments and from which the defendants extracted their fees. To open this account, Guidotti was obliged to execute an agreement with Global and RMBT, two documents of which are at issue in this appeal: (1) the Special Purpose Account Application (SPAA); and (2) the Account Agreement and Disclosure Statement (AADS).

After removing the case to the District Court, the defendants filed six parallel motions seeking either to dismiss Guidotti's lawsuit or to compel arbitration. Global and RMBT jointly moved to compel based on an arbitration clause contained in the AADS, but *not* in the SPAA. Guidotti opposed the motion by denying that she had received the AADS at the time she executed the SPAA, and that the AADS was otherwise insufficiently incorporated into the SPAA as a matter of New Jersey contract law. The District Court agreed with her and denied Global and RMBT's motion. *See Guidotti v. Legal Helpers Debt Resolution, L.L.C.*, 866 F. Supp. 2d 315, 332–36 (D.N.J. 2011).

Global and RMBT appealed, which led to our opinion in *Guidotti v. Legal Helpers Debt Resolution, L.L.C.* (*Guidotti I*), 716 F.3d 764 (3d Cir. 2013). In *Guidotti I*, we remanded the case after clarifying the standard for deciding motions to compel arbitration. 716 F.3d at 780. Under our newly clarified standard, and given the existence of issues of material fact:

> [T]he District Court should not have denied [Global and RMBT's] motion to compel arbitration without first allowing limited discovery and then entertaining their motion under a summary judgment standard. If, after presentation of the evidence uncovered during discovery, a genuine dispute of material fact remained, the Court then should have submitted to a jury (if either party demanded one) the factual question of whether Guidotti was aware of the arbitration clause in the [AADS] at the time she signed and submitted the SPAA.

*Id*.

On remand, the District Court gave the parties seven months to develop the facts underlying Guidotti's purported agreement with Global and RMBT. It then denied the defendants' motion to compel arbitration once again. The Court found that despite discovery, "genuine issues of fact clearly persist concerning whether [Guidotti] had the AADS at the time she signed the SPAA, and it is axiomatic that an agreement cannot be found properly incorporated, if [its] provisions . . . are not known by the party to be bound at the time of acknowledgment." App. 23. Alternatively, assuming that Guidotti had received the AADS, the District Court held that the arbitration clause was unenforceable either as (1) an insufficiently clear waiver of Guidotti's statutory right to sue in court under the rule announced by the New Jersey Supreme Court in *Atalese v. U.S. Legal Services Group L.P.*, 99 A.3d 306, 316 (N.J. 2014); or (2) unconscionably one-sided under New Jersey law because it arrogated both the choice of arbitral forum

4

and the choice of arbitrator to Global and RMBT's discretion. Global and RMBT

appealed the District Court's order.[1]

II

In *Guidotti I*, we established the following standard for district courts to apply

when deciding motions to compel arbitration:

> [W]hen it is apparent, based on the face of a complaint, and documents relied upon in the complaint, that certain of a party's claims are subject to an enforceable arbitration clause, a motion to compel arbitration should be considered under a Rule 12(b)(6) standard without discovery's delay. But if the complaint and its supporting documents are unclear regarding the agreement to arbitrate, or if the plaintiff has responded to a motion to compel arbitration with additional facts sufficient to place the agreement to arbitrate in issue, then the parties should be entitled to discovery on the question of arbitrability before a court entertains further briefing on [the] question. After limited discovery, the court may entertain a renewed motion to compel arbitration, this time judging the motion under a summary judgment standard. In the event that summary judgment is not warranted because the party opposing arbitration can demonstrate, by means of citations to the record, that there is a genuine dispute as to the enforceability of the arbitration clause, *the court may then proceed summarily to a trial regarding the making of the arbitration agreement* or the failure, neglect, or refusal to perform the same.

716 F.3d at 776 (internal quotation marks and citations omitted) (emphasis added)

(second alteration in original).

---

[1] Because Guidotti's complaint sought class-action certification, alleged more than $5,000,000 in controversy, and satisfied minimal diversity of citizenship, the District Court had jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2). We have jurisdiction to review the District Court's denial of Global and RMBT's motion to compel arbitration under the Federal Arbitration Act, 9 U.S.C. § 16(a)(1)(B). "We exercise plenary review over questions regarding the validity and enforceability of an agreement to arbitrate." *Guidotti I*, 716 F.3d at 772 (quoting *Puleo v. Chase Bank N.A.*, 605 F.3d 172, 177 (3d Cir. 2010) (en banc)).

On remand from *Guidotti I*, the District Court did not adjudicate the first issue because "genuine issues of fact clearly persist concerning whether [Guidotti] had the AADS at the time she signed the SPAA." App. 23. Instead of resolving the parties' factual dispute by proceeding summarily to trial, the Court held that the AADS's arbitration clause was unenforceable as a matter of state law under both *Atalese* and New Jersey's doctrine of unconscionability.

Whether these state law grounds remain viable as not preempted by the Federal Arbitration Act (FAA), 9 U.S.C. § 2, presents an important and challenging question. *See Am. Express Co. v. Italian Colors Rest.*, 133 S. Ct. 2304, 2308–09 (2013); *AT&T Mobility LLC v. Concepcion*, 131 S. Ct. 1740, 1746–48 (2011). But the resolution of this question is unnecessary if Guidotti never received the AADS or otherwise failed to assent to arbitrate her claims. Accordingly, we will vacate the District Court's order denying Global and RMBT's motion and remand with instructions to resolve this factual dispute.

If on remand the District Court or a jury should determine after appropriate fact finding that the parties formed an agreement to arbitrate, the question of whether *Atalese* and the Court's application of New Jersey's doctrine of unconscionability are preempted by the FAA will squarely present itself for our resolution. As it stands, however, "prudence counsels in favor of declining to consider a question whose resolution either will prove unnecessary to a final disposition, or, if necessary, will inevitably be before us again, none the worse for the delay." *Rengo Co. v. Molins Mach. Co.*, 657 F.2d 535, 552–53 (3d Cir. 1981).

6

\*     \*     \*

For the reasons stated, we will vacate the District Court's order denying Global and RMBT's motion to compel arbitration and remand for further proceedings consistent with this opinion.