**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4992-17T1

ROBERT M. BECKER and
CATHERINE T. BECKER,

     Plaintiffs-Appellants,

v.

OLLIE SLOCUM & SON, INC.,
d/b/a SLOCUM & SON, INC.,
KEITH KINSEY, LOUISE
KINSEY, and TANYA VERDI,

     Defendants-Respondents.

_____

Submitted September 25, 2019 – Decided October 4, 2019

Before Judges Koblitz and Mawla.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-1599-17.

Law Offices of Michael R. Scully, LLC, attorneys for appellants (Michael R. Scully, on the briefs).

Krenkel & Krenkel, LLC, attorneys for respondents Slocum & Son, Inc., Louise Kinsey and Tanya Verdi (David A. Krenkel, of counsel and on the brief; Lisa C. Krenkel, on the brief).

Ansell Grimm & Aaron, PC, attorneys for respondent Keith Kinsey, join in the brief of respondents Slocum & Son, Inc., Louise Kinsey and Tanya Verdi.

PER CURIAM

Plaintiffs Robert and Catherine Becker appeal from a May 25, 2018 order granting defendants Ollie Slocum & Son, Inc., Louise Kinsey, and Tanya Verdi's motion to compel arbitration and deny discovery in a dispute over a home construction contract. Because the arbitration clause in the contract is unenforceable under Atalese v. U.S. Legal Servs. Grp., 219 N.J. 430 (2014), we reverse that portion of the order and affirm the discretionary denial of discovery.

The parties entered into an agreement in November 2011 for the $1.85 million construction of a new home in Middletown. (Agreement). The Agreement provided that the construction of the home would be substantially completed within fifty-two weeks of the commencement of excavation work. Defendants substantially completed construction of plaintiffs' home in 2014, approximately eighteen months past the agreed-upon date of completion. The relevant provision at issue in this Agreement is the arbitration clause found in Section 9, which states:

> All claims and disputes relating to this contract shall be subject to arbitration at the option of either the [o]wner or the [g]eneral [c]ontractor, in accordance with the Arbitration Rules of the American Arbitration

Association for the construction industry in effect at the time of the arbitration. Written notice of demand for arbitration shall be filed with the other party to the contract and with the American Arbitration Association, within a reasonable time after the dispute has arisen. The costs associated with the Arbitration Association shall be equally borne by the [p]arties hereto in a prompt and timely manner.

After the completion of construction, plaintiffs found several alleged defects in the home, including water penetration into the living quarters and basement, and deterioration of outdoor decking, siding, and finishing. Plaintiffs filed a complaint and jury demand claiming breach of contract, negligence, interference with contractual relations, and consumer fraud, and seeking an accounting. The amount in contention is an alleged overpayment of $35,000. Plaintiffs also sought discovery from the settlement of prior litigation concerning the ownership of defendant Ollie Slocum & Son, Inc.

The motion judge denied the discovery motion without prejudice, determining the settlement agreement was not relevant to plaintiffs' claim, but might become relevant later in connection with an effort to collect a judgment. Defendants' motion to compel arbitration was granted.

I.

We apply a de novo standard of review when reviewing a motion judge's determination of the enforceability of a contract. Goffe v. Foulke Mgmt. Corp.,

3

238 N.J. 191, 207 (2019).  When reviewing arbitration clauses within contracts, "the enforceability of arbitration provisions is a question of law; therefore, it is one to which we need not give deference to the analysis by the trial court."  Ibid.

The Federal and New Jersey Arbitration Acts express a general policy favoring arbitration.  Atalese, 219 N.J. at 440.  "The public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court."  Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015).  While enforcement is favored, it "does not mean that every arbitration clause, however phrased, will be enforceable."  Atalese, 219 N.J. at 441.

A valid arbitration clause "must state its purpose clearly and unambiguously."  Atalese, 219 N.J. at 435.  When agreeing to arbitration, "consumers must have a basic understanding that they are giving up their right to seek relief in a judicial forum."  Ibid.  Because arbitration necessarily involves a waiver of the right to bring the case to court, courts should "'take particular care in assuring the knowing assent of both parties to arbitrate, and a clear mutual understanding of the ramifications of that assent.'"  Id. at 442–43 (quoting NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 425 (App. Div. 2011)).

A-4992-17T1

Our Supreme Court has made clear that a "consumer cannot be required to arbitrate when it cannot fairly be ascertained from the contract's language that [he or] she knowingly assented to the provision's terms or knew that arbitration was the exclusive forum for dispute resolution." Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 322 (2019). "[W]hen a contract contains a waiver of rights — whether in an arbitration clause or other clause — the waiver 'must be clearly and unmistakably established.'" Atalese, 219 N.J. at 444 (quoting Garfinkel v. Morristown Obstetrics & Gynecology Assocs., P.A., 168 N.J. 124, 132 (2001)).

The Court in Atalese set forth a test to determine the enforceability of an arbitration clause. An arbitration clause "must be sufficiently clear to a reasonable consumer." Id. at 436. An arbitration provision will be deemed unenforceable when there is "[t]he absence of any language in the arbitration provision that plaintiff [is] waiving [his or] her statutory right to seek relief in a court of law." Ibid. While no precise set of words must be included in the arbitration provision, the words that make up the clause "must be clear and unambiguous that a consumer is choosing to arbitrate disputes rather than have them resolved in a court of law." Id. at 447.

A-4992-17T1

In Atalese, our Supreme Court examined the language of an arbitration provision that was deemed valid and enforceable by the trial and appellate courts, reversing because the provision was deficient, rendering it unenforceable. Id. at 448. The Court found the provision to be deficient because it: 1) did not include any explanation that the plaintiff was waiving her right to seek relief in court; 2) did not explain what arbitration is or how it differs from seeking judicial relief; and 3) lacked the plain language necessary to convey to the average consumer that he or she is waiving the right to sue in court. Id. at 446.

The arbitration provision here presents the same deficiencies the Court addressed in Atalese. It does not include any language explaining what arbitration is and how it serves as a replacement for judicial relief. It simply states: "All claims and disputes relating to this contract shall be subject to arbitration at the option of either the [o]wner or the [g]eneral [c]ontractor, in accordance with the Arbitration Rules of the American Arbitration Association for the construction industry in effect at the time of the arbitration." The language of this provision does not convey to the average consumer that he or she is waiving a constitutional right to seek relief in a court of law.

A-4992-17T1

Defendants argue plaintiffs should not be viewed as "average consumers" and should instead be viewed as "sophisticated owners of a multimillion dollar home." The Agreement was not negotiated through attorneys and defendants point only to the value of the home to suggest plaintiffs are sophisticated parties with knowledge of arbitration provisions. Wealth alone does not confer expertise on non-lawyer unrepresented parties.

Plaintiffs provide further support for their argument by contrasting the arbitration provision contained in their contract with an enforceable arbitration provision found in Roman v. Bergen Logistics, LLC, 456 N.J. Super. 157 (App. Div. 2018). In Roman we found the arbitration clause to be enforceable because it "informed plaintiff that the exclusive forum for resolution of her claims was arbitration, she was prohibited from filing any other lawsuits or legal proceedings and she waived her right to a trial by jury." Id. at 172. The arbitration provision in Roman stated that plaintiff and defendant agreed not to "file or maintain any lawsuit, action or legal proceeding of any nature with respect to any dispute" and that "by signing this agreement you and [c]ompany are waiving any right, statutory or otherwise, to a trial by jury." Id. at 162–63.

A-4992-17T1

The Agreement's arbitration provision does not state that arbitration is the exclusive forum for dispute resolution, nor that plaintiffs are waiving their right to a jury trial.

## II.

Plaintiffs also argue on appeal that the motion judge erred in denying without prejudice plaintiffs' discovery request for the settlement documents pertaining to defendants' previous February 2015 litigation. We "defer to the trial judge's discovery rulings absent an abuse of discretion or a judge's misunderstanding or misapplication of the law." Capital Health Sys., Inc. v. Horizon Healthcare Servs., Inc., 230 N.J. 73, 79–80 (2017).

The motion judge did not abuse his discretion when determining that the settlement agreement from a prior dispute among the owners of the defendant company is not currently relevant to plaintiffs' claim. As the judge stated, the settlement documents may become relevant if plaintiffs' obtain a judgment in their favor. We thus reverse the compelled arbitration and affirm the denial of discovery.

Reversed in part and affirmed in part and remanded to the trial court for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4992-17T1