**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-5064-18T4

MARILYN PANDYA and
ANOOP PANDYA, on behalf
of their minor son, CHAND
PANDYA,

     Plaintiffs-Respondents,

v.

SKY ZONE LAKEWOOD,

     Defendant-Appellant.

_____

Argued telephonically March 25, 2020 –
Decided April 28, 2020

Before Judges Fuentes, Mayer and Enright.

On appeal from the Superior Court of New Jersey, Law
Division, Ocean County, Docket No. L-0903-17.

Samuel G. John argued the cause for appellants (Wood
Smith Henning & Berman, LLP, attorneys; Kelly A.
Waters, of counsel and on the briefs; Samuel G. John,
on the briefs).

Michael Emmett Mc Mahon argued the cause for
respondent (Miller & Gaudio, PC, and Chazen &

Chazen, attorneys; Michael Emmett Mc Mahon and David K. Chazen, of counsel and on the brief).

PER CURIAM

This matter returns to us after a remand directed by our prior opinion. See Pandya v. Sky Zone Lakewood, No. A-5064-16 (App. Div. Oct. 19, 2018). In a June 15, 2019 order, the motion judge denied a motion to compel arbitration filed by defendant Sky Zone Lakewood.[1] We now reverse and remand for the trial court to enter an order compelling arbitration and staying the matter pending the outcome of the arbitration.

Plaintiff Chand Pandya, the son of plaintiffs Marilyn and Anoop Pandya, visited defendant's trampoline park. Before her son could use defendant's recreational facility, Marilyn Pandya signed and initialed a "Conditional Access Agreement, Pre-Injury Waiver of Liability, and Agreement to Indemnity, Waiver of Trial, and Agreement to Arbitrate" (Agreement). The Agreement contained the following provisions:

> Waiver of Trial, and Agreement to Arbitrate
>
> IF I AM INJURED AND WANT TO MAKE A CLAIM AND/OR IF THERE ARE ANY DISPUTES REGARDING THIS AGREEMENT, I HEREBY WAIVE ANY RIGHT I HAVE TO A TRIAL IN A

---

[1] Defendant's correct corporate designation is Buckingham Investment Group, Inc. d/b/a Sky Zone Lakewood.

COURT OF LAW BEFORE A JUDGE AND JURY. I AGREE THAT SUCH DISPUTE SHALL BE BROUGHT WITHIN ONE YEAR OF THE DATE OF THIS AGREEMENT AND WILL BE DETERMINED BY BINDING ARBITRATION BEFORE ONE ARBITRATOR TO BE ADMINISTERED BY JAMS PURSUANT TO ITS COMPREHENSIVE ARBITRATION RULES AND PROCEDURES. I further agree that the arbitration will take place solely in the [S]tate of New Jersey and that the substantive law of New Jersey shall apply. I acknowledge that if I want to make a claim against [defendant], I must file a demand before JAMS www.jamsadr.com.

To the extent that any claim I have against [defendant] has not been released or waived by this Agreement, I acknowledge that I have agreed that my sole remedy is to arbitration of such claim, and that such claim may only be brought against [defendant] in accordance with the above Waiver of Trial, and Agreement to Arbitrate.

. . . .

Pre-Injury Waiver of Liability, and Agreement to Indemnity

The following Waiver of Liability, and Agreement to Indemnity shall apply to any persons eighteen (18) years-old or older. I UNDERSTAND AND AGREE THAT [DEFENDANT] WILL NOT PAY FOR ANY COST OR EXPENSES INCURRED BY ME IF I AM INJURED UNLESS SUCH INJURY WAS CAUSED BY GREATER THAN ORDINARY NEGLIGENCE OF [DEFENDANT]. In consideration and as a condition of [defendant] allowing my participation in or viewing of trampoline games or activities, I agree to hold harmless, release and discharge [defendant] of and from all . . . legal liability . . . due to [defendant]'s ordinary negligence; and I further agree that except in

3

the event of [defendant]'s gross negligence or willful
and wanton misconduct, I shall not bring any claims
. . . against [defendant][.]

Plaintiffs' son injured his ankle while playing at defendant's facility and plaintiffs filed a negligence action against defendant. In lieu of filing an answer, defendant moved to dismiss plaintiffs' complaint, arguing the Agreement required plaintiffs' claims to be resolved through arbitration. Plaintiffs opposed the motion.

In a June 23, 2017 order, the motion judge denied defendant's motion to compel arbitration. Although the judge stated the Agreement's arbitration provision was clear and unambiguous, he believed the arbitration clause did not apply to claims for gross negligence. Therefore, the judge allowed plaintiffs to amend their complaint to assert gross negligence against defendant.

After plaintiffs filed an amended complaint, defendant moved to dismiss the amended pleading and for reconsideration of the June 23, 2017 order. The judge again found the arbitration clause in the Agreement enforceable but was "concern[ed] and troubl[ed]" by the "entire agreement." At the conclusion of oral argument, the judge stated he would "take a second look at the Hojnowski[2] case" and then "render [his] opinion on the reconsideration motion."

---

[2] Hojnowski v. Vans Skate Park, 187 N.J. 323 (2006).

In an August 4, 2017 order, the judge denied defendant's motion for reconsideration, noting the following: "[Plaintiffs] to continue discovery on issue of gross negl[igence]." No other reasons were provided in support of the judge's determination.

Defendant appealed. In our prior opinion, we vacated the judge's denial of defendant's motion to compel arbitration and remanded the matter for the judge to advance his findings of fact and conclusions of law.

On March 29, 2019, the judge heard the parties' arguments regarding defendant's "motion for findings pursuant to Rule 1:7-4." At the conclusion of oral argument, the judge requested supplementary written arguments.

The parties presented additional written and oral arguments to the court on May 24, 2019. The judge again stated the language in the Agreement was "clear and sufficient." However, the judge "look[ed] [at the Agreement] in conjunction with the pre-injury waiver of liability" and opined "[t]he pre-injury waiver of liability indicates that you're waiving any liability which would lead the [c]ourt to the conclusion that you would be barred from bringing [a] claim before an arbitrator because you just waived the liability of the [d]efendant." Based on his reading of the Agreement, the judge found it contained an exception to arbitration "when you are under [eighteen years of age] and there's gross negligence."

The judge ruled he could not determine whether the exception applied because the parties had not exchanged discovery. Therefore, he instructed the parties to conduct discovery and if the discovery revealed defendant was not grossly negligent, then the matter could proceed to arbitration. The judge's June 15, 2019 order provided "[d]efendant cannot compel [p]laintiffs to arbitrate their claims if [d]efendant was grossly negligent." The order specified that "the [c]ourt will determine whether [p]laintiffs must arbitrate their claims against [d]efendant once it is determined whether [d]efendant was grossly negligent."

On appeal, defendant argues the judge erred in denying its motion to compel arbitration. We agree.

The standard of review when determining the validity and enforceability of arbitration agreements is de novo. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). We are "mindful of the strong preference to enforce arbitration agreements, both at the state and federal level." Hirsch, 215 N.J. at 186.

We first address whether the issue of gross negligence had to be resolved before determining the validity and enforceability of the Agreement's arbitration clause. In this case, the judge read the Agreement's arbitration provision in conjunction with the Agreement's waiver provision. By reading these provisions

6

together, the judge concluded gross negligence on the part of defendant constituted an exception to arbitration.

In so ruling, the judge misinterpreted the Agreement. Here, the waiver of liability clause was inapplicable because the injured plaintiff was under the age of eighteen and therefore could pursue claims against defendant for any negligence, including ordinary or gross negligence, without the need for discovery. See Hojnowski, 187 N.J. at 338 (holding a parent's release of a minor's future tort claim related to the use of a recreational facility was unenforceable).[3]

The judge also misread the Agreement by considering the gross negligence exception in the waiver of liability clause in conjunction with the arbitration clause. The two paragraphs were distinct and appeared under separate point headings in the Agreement. Nothing in the arbitration clause limited plaintiffs' right to pursue claims against defendant. Rather, the clause specified arbitration as the proper forum for resolution of those claims.

---

[3] The Hojnowski Court upheld a parent's waiver of the right to a jury trial on behalf of a minor in favor of resolving claims through arbitration. 187 N.J. at 343.

Because we conclude the waiver of liability clause was independent from the arbitration clause, we next consider whether the Agreement's arbitration clause was valid and enforceable.[4]

The Federal and New Jersey Arbitration Acts express a general policy favoring arbitration. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 440 (2014); see also 9 U.S.C. §§ 1 to 16; N.J.S.A. 2A:23B-1 to -36. "The public policy of this State favors arbitration as a means of settling disputes that otherwise would be litigated in a court." Badiali v. N.J. Mfrs. Ins. Grp., 220 N.J. 544, 556 (2015).

A valid arbitration clause "must state its purpose clearly and unambiguously." Atalese, 219 N.J. at 435. An arbitration agreement "must be the product of mutual assent," which "requires that the parties have an understanding of the terms to which they have agreed." Id. at 442 (quoting NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)). Even if an agreement contains unconscionable or otherwise unenforceable provisions, a valid arbitration clause in a contract is severable and

---

[4] Plaintiffs did not file a cross-appeal challenging the validity of the Agreement's arbitration provision. However, we address the issue to avoid any further dispute regarding compulsory arbitration of plaintiffs' claims.

enforceable on its own. Buckeye Check Cashing, Inc. v. Cardegna, 546 U.S. 440, 445 (2006); Delta Funding Corp. v. Harris, 189 N.J. 28, 46 (2006).

The judge stated during oral argument that the arbitration clause was sufficiently clear and unambiguous to "pass[] legal muster." Based on our review of the record, by signing the Agreement and specifically initialing the arbitration provision, plaintiffs expressly "waive[d] any right . . . to a trial in a court of law before a judge and jury." The Agreement stated plaintiffs' "sole remedy is to arbitration[.]" The arbitration clause provided "any disputes" regarding the Agreement, as well as "any claim . . . against [defendant that] has not been released or waived by this Agreement," would be resolved by arbitration.

Here, the Agreement's arbitration clause broadly and unambiguously explained the nature of arbitration and the party's waiver of litigation in a judicial forum. The arbitration provision unequivocally governed all disputes between the parties and was presented in "plain language that [was] understandable to the reasonable consumer." Atalese, 219 N.J. at 444. Therefore, the Agreement's arbitration clause was valid and enforceable.

Because the Agreement's arbitration clause is valid and enforceable, all disputes between the parties are to be resolved by the arbitrator. Henry Schein, Inc. v. Archer & White Sales, Inc., 586 U.S. ___, 139 S. Ct. 524, 529 (2019)

A-5064-18T4

(holding "'gateway' questions of 'arbitrability,'" including "whether the parties have agreed to arbitrate or whether their agreement covers a particular controversy," can be delegated to the arbitrator). Based upon the language in the Agreement, any disputes, including the severability of certain provisions in the Agreement and plaintiffs' pursuit of statutory claims, are subject to arbitration and are reserved for the arbitrator, not the judge.

For these reasons, we reverse the order denying defendant's motion to compel arbitration. We remand the matter to the trial court to enter an amended order compelling arbitration of plaintiffs' claims and staying the action pending the outcome of the arbitration. If the arbitrator designated in the Agreement is unavailable and the parties are unable to agree upon an alternate arbitrator, then they may apply to the trial court in accordance with N.J.S.A. 2A:23B-11(a) and request the judge appoint an arbitrator. All other issues shall be determined by the arbitrator in accordance with the Agreement.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-5064-18T4