**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0726-19T1

TEOFILO GUZMAN,

    Plaintiff-Respondent,

v.

EAST COAST TOYOTA,

    Defendant-Appellant.

_____

Submitted May 27, 2020 – Decided July 13, 2020

Before Judges Gilson and Rose.

On appeal from the Superior Court of New Jersey, Law Division, Bergen County, Docket No. DC-009113-19.

Schiller, Pittenger & Galvin, PC, attorneys for appellant (Perry A. Pittenger, of counsel; Jay B. Bohn, Thomas J. Russomano and Kieran M. Dowling, on the brief).

Respondent has not filed a brief.

PER CURIAM

Defendant East Coast Toyota appeals from an October 17, 2019 order denying its motion to compel arbitration and dismissing plaintiff's complaint without prejudice.[1] The trial court held that the arbitration provisions signed by plaintiff were inconsistent, ambiguous, and unenforceable. We disagree, reverse, and direct that the parties be compelled to arbitration and the action be stayed pending arbitration.

I.

The facts relevant to the arbitration provisions are not in dispute. In August 2018, plaintiff Teofilo Guzman purchased a 2018 Toyota Tacoma motor vehicle from defendant. In connection with that purchase, plaintiff and defendant signed a Motor Vehicle Retail Order (Retail Order), which contained an arbitration provision. In bold capital letters, just above where plaintiff signed the Retail Order, that contract states:

> AGREEMENT TO ARBITRATE ALL CLAIMS. READ THE FOLLOWING ARBITRATION PROVISION CAREFULLY, IT LIMITS YOUR RIGHTS, AND WAIVES THE RIGHT TO MAINTAIN A COURT ACTION, OR TO PURSUE A CLASS ACTION IN COURT AND IN ARBITRATION. . . . THIS ARBITRATION PROVISION IS GOVERNED BY THE FEDERAL ARBITRATION ACT.

---

[1] The order was dated October 17, 2019, but was apparently filed the following day on October 18, 2019.

A-0726-19T1

The Retail Order also states:

> The parties to this agreement agree to arbitrate all claims, disputes, or controversies, including all statutory claims and any state or federal claims . . . that may arise out of or relating to this agreement and the sale or lease identified in this agreement. **By agreeing to arbitrate, the parties understand and agree that they are giving up their rights to use other available resolution processes, such as a court action or administrative proceeding, to resolve their disputes**. . . . The arbitration shall be administered by the American Arbitration Association under its Commercial Arbitration Rules, and the Consumer Related Disputes Supplementary Procedures to the extent applicable, before a single arbitrator who shall be a retired judge or an attorney. . . . The arbitration shall take place in New Jersey at a mutually convenient place agreed upon by the parties or selected by the arbitrator. The decision of the arbitrator shall be binding upon the parties. . . . In the event that any claims are based on a lease, finance, or other agreement between the parties related to this sale or lease as well as this agreement, and if such lease, finance or other agreement contains a provision for arbitration of claims which conflicts with or is inconsistent with this arbitration provision, the terms of such other arbitration provision shall govern and control.

Plaintiff financed the purchase of the Tacoma and, therefore, he also signed a Retail Installment Sale Contract (Installment Contract). The Installment Contract contained an arbitration provision, set forth on its own page, which states in relevant part:

> 1. EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY

3

ARBITRATION AND NOT IN COURT OR BY JURY TRIAL.

2. IF A DISPUTE IS ARBITRATED, YOU WILL GIVE UP YOUR RIGHT TO PARTICIPATE AS A CLASS REPRESENTATIVE OR CLASS MEMBER ON ANY CLASS CLAIM YOU MAY HAVE AGAINST US INCLUDING ANY RIGHT TO CLASS ARBITRATION OR ANY CONSOLIDATION OF INDIVIDUAL ARBITRATIONS.

3. DISCOVERY AND RIGHTS TO APPEAL IN ARBITRATION ARE GENERALLY MORE LIMITED THAN IN A LAWSUIT, AND OTHER RIGHTS THAT YOU AND WE WOULD HAVE IN COURT MAY NOT BE AVAILABLE IN ARBITRATION.

Any claim or dispute, whether in contract, tort, statute or otherwise (including the interpretation and scope of this Arbitration Provision, and the arbitrability of the claim or dispute), between you and us or our employees, agents, successors or assigns, which arises out of or relates to your credit application, purchase or condition of this vehicle, this contract or any resulting transaction or relationship (including any such relationship with third parties who do not sign this contract) shall, at your or our election, be resolved by neutral, binding arbitration and not by a court action. . . . You may choose the American Arbitration Association . . . or any other organization to conduct the arbitration subject to our approval. . . . Any arbitration under this Arbitration Provision shall be governed by the Federal Arbitration Act [9 U.S.C. §§ 1 to 16] and not by any state law concerning arbitration. . . .

In May 2019, plaintiff filed a complaint in the Special Civil Part of the Law Division. Plaintiff is representing himself and his complaint alleges: "[The] [t]rade

4

was not valued [p]roperly, [d]eceptive [p]ractices, [s]elling [a]bove MSRP." Initially, defendant did not respond, and a default judgment was entered, but that default was later vacated. Thereafter, defendant filed an answer asserting that the dispute was subject to arbitration. Shortly thereafter defendant moved to compel arbitration. Plaintiff did not oppose that motion and he has not filed a brief for this appeal.

The trial court denied the motion to compel arbitration in an order dated October 17, 2019. The order stated that the language "in the arbitration clause" is not clear because in one place it uses the word "may" and in another place it uses the word "shall." After defendant appealed, the trial court issued a written amplification. In the amplification, the court pointed out that defendant did not support its motion with a brief. The court then reasoned that there were inconsistencies between the arbitration provisions in the Retail Order and the Installment Contract. In addition, the court held that the arbitration provision in the Installment Contract was ambiguous because in one place it states that the parties "may" choose to arbitrate and in another place it uses the word "shall."

## II.

On appeal, defendant makes two arguments contending (1) the arbitration provisions in the Retail Order and the Installment Contract are clear and

5

unambiguous and there are no inconsistencies; and (2) because the motion to compel arbitration was unopposed, the trial court should have given defendant the opportunity to address the court's questions before issuing its order.

We initially address defendant's procedural argument. The trial court correctly points out that defendant failed to support its motion by submitting a brief. We agree with the trial court that that failure was inconsistent with the rules. See R. 1:6-5. Nevertheless, because the issues have now been clearly defined, we will address the merits.

Appellate courts use a de novo standard of review when determining the enforceability of arbitration agreements. Goffe v. Foulke Mgmt. Corp., 238 N.J. 191, 207 (2019) (citing Hirsch v. Amper Fin. Servs., LLC, 215 N.J. 174, 186 (2013)). The validity of an arbitration agreement is a question of law, and such legal issues are reviewed on a plenary basis. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 446 (2014) (citing Hirsch, 215 N.J. at 186).

The arbitration provisions in both the Retail Order and the Installment Contract state that they are governed by the FAA. Under the FAA, arbitration is a creature of contract. 9 U.S.C. § 2; Rent-A-Ctr., W., Inc. v. Jackson, 561 U.S. 63, 67 (2010); see also Hirsch, 215 N.J. at 187 (explaining that under New Jersey law, arbitration is also a creature of contract). "[T]he FAA 'permits states

6

to regulate . . . arbitration agreements under general contract principles,' and a court may invalidate an arbitration clause 'upon such grounds as exist at law or in equity for the revocation of any contract.'" Atalese, 219 N.J. at 441 (certain citations omitted) (quoting Martindale v. Sandvik, Inc., 173 N.J. 76, 85 (2002)). In determining whether a matter should be submitted to arbitration, a court must evaluate (1) whether a valid agreement to arbitrate exists, and (2) whether the dispute falls within the scope of the agreement. Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, 473 U.S. 614, 626 (1985); Martindale, 173 N.J. at 92.

The arbitration provisions signed by plaintiff in both the Retail Order and the Installment Contract were valid and enforceable. They were the product of mutual assent and they clearly state that the parties were giving up their right to pursue all claims in court and, instead, agreed to arbitrate those claims before an arbitrator. See Atalese, 219 N.J. at 442 (quoting NAACP of Camden Cty. E. v. Foulke Mgmt. Corp., 421 N.J. Super. 404, 424 (App. Div. 2011)) ("An agreement to arbitrate, like any other contract, 'must be the product of mutual assent, as determined under customary principles of contract law.'").

We discern nothing inconsistent between the arbitration provisions in the Retail Order and the Installment Contract. While the Retail Order provides for arbitration without condition, the Installment Contract allows either party to

7

"choose" arbitration. Such a difference is not an inconsistency that makes either agreement invalid, ambiguous, or unenforceable.

Moreover, the Retail Order clearly states that if plaintiff signed another arbitration agreement in connection with financing the vehicle, the other arbitration agreement (that is the Installment Contract) would govern if it had conflicting or inconsistent language. Accordingly, even if there were inconsistencies or conflicts between the Retail Order and the Installment Contract, the Installment Contract governs.

The Installment Contract's use of the words "may" and "shall" is not inconsistent and does not create any ambiguity. The Installment Contract states that "EITHER YOU OR WE MAY CHOOSE" arbitration and if arbitration is elected, any dispute "shall" be subject to binding arbitration. In other words, either party has the right to choose arbitration, but once one of the parties makes that election, that choice is binding on the other party and any dispute "shall" be arbitrated.

In summary, we hold that the arbitration provisions plaintiff signed in the Retail Order and the Installment Contract are valid and enforceable. The FAA provides that a party may request a stay if a court action has been commenced and the action involves "any issue referable to arbitration under an agreement in writing for such arbitration." 9 U.S.C. § 3. Accordingly, we remand with directions that the

A-0726-19T1

trial court enter an order compelling the matter to arbitration and staying the action pending arbitration.

Reversed and remanded. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-0726-19T1