**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0416-20

JAMES BLESSING,

    Plaintiff-Appellant,

v.

NICK HOFFMAN, OLIVIA
MARR, and PAGE
PUBLISHING, INC.,

    Defendants-Respondents.

_____

Submitted April 21, 2021 – Decided June 10, 2021

Before Judges Sumners and Geiger.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Docket No. L-1762-20.

James Blessing, appellant pro se.

Scott K. Seelagy, attorney for respondents.

PER CURIAM

Plaintiff James Blessing[1] appeals from an August 7, 2020 order compelling arbitration and staying his complaint against defendants Nick Hoffman, Olivia Marr, and Page Publishing, Inc., and a September 11, 2020 order denying reconsideration. We affirm.

In June 2017, plaintiff and Page Publishing entered into a publishing agreement (agreement), in which Page Publishing agreed to provide services to publish plaintiff's written work <u>Our Best Friend</u>, later changed to <u>From Here To Everlasting</u>. The agreement covered a two-year term, "after which time [plaintiff] may, upon execution of a [r]enewal [a]greement at least sixty [] days prior to the second anniversary of this [a]greement, renew this [a]greement for an additional two [-] year term at [his] option" at a cost of $48. The agreement contained an arbitration clause providing:

> Any dispute, controversy, or claim between [Page Publishing] and [plaintiff] regarding this [a]greement will be submitted to mandatory and binding arbitration under the terms of the rules of the American Arbitration Association [AAA] as then in effect. All claims must be brought in the party's individual capacity and not as a class member in any purported class or representative proceeding. Arbitration proceedings shall be heard in New York County, New York by a single arbitrator serving at the mutual designation of the parties and each

---

[1] Plaintiff is in the process of legally changing his name and has requested to be addressed as James Blessing. At the time of the agreement relevant to this complaint, plaintiff went by Drew Bradford and signed the agreement as such.

A-0416-20

party shall be solely responsible for their own attorney's fees in connection with said arbitration. Any issue concerning the applicability, interpretation, or enforceability of these procedures, including any contention that all or parts of these procedures are invalid or unenforceable, will be governed by the Federal Arbitration Act. No discovery will be permitted in connection with the arbitration and all aspects of the arbitration will be confidential. Any arbitration award shall not include exemplary or punitive damages. The arbitration award will be final and binding on the parties and may be entered in any court having jurisdiction. [Plaintiff] shall have three [] days from execution of this [a]greement to cancel for any reason by providing written notice to [Page Publishing] of [his] desire to cancel.

Although the agreement expired at the end of two years without an executed renewal agreement, the parties conducted themselves as if the agreement were renewed after plaintiff paid the $48 renewal fee.

On April 22, 2020, however, Hoffman, Page Publishing's executive vice president, sent plaintiff a letter severing their contractual relationship and returned plaintiff's renewal fee. Page Publishing maintained plaintiff repeatedly harassed its staff with unprofessional phone calls and voicemail messages after it had denied his requests to provide him with weekly sales reports and the right

A-0416-20

to directly communicate with Page Publishing's proprietary contacts whom the company utilized to advertise, market, and distribute its clients' books.[2]

That same day, plaintiff sent a letter to Page Publishing president Dustin Roberts, renewing his request to speak directly with the company's proprietary contacts in the publishing industry, including advertisers, distributors, and the resellers of his book, entitled From Here to Everlasting. In the letter, plaintiff acknowledged the mandatory arbitration clause in the agreement and consented to arbitration but requested that it be held in New Jersey[3] due to his alleged disability.

Almost three weeks later, plaintiff filed a three-count Law Division complaint against defendants alleging breach of contract, religious discrimination under the New Jersey Law Against Discrimination, N.J.S.A. 10:5-12 to -50, and intentional infliction of emotional distress. In lieu of filing an answer, defendants filed a motion to stay the action and compel arbitration

---

[2] While plaintiff denied making harassing phone calls, we note that the trial judge instructed plaintiff and her staff that all communication from plaintiff must be put in writing because of the numerous phone calls he was making to her chambers. Similarly, plaintiff was directed by the Administrative Office of the Courts that all his communications must be done in writing because of the numerous phone messages he left on Appellate Division staff's voicemails.

[3] Either Union County, Somerset County, or Morris County.

under N.J.S.A. 2A:23B-6(a), -7(e) and -7(g), based on the agreement's mandatory arbitration clause.

After conducting oral argument on August 7, the trial judge entered an order to stay the action and compel arbitration of all claims in accordance with the agreement. The judge indicated that plaintiff's first amended complaint, which had been previously filed but not served on Page Publishing's counsel, did not alter her reasoning because all of plaintiff's claims arose from the agreement and were subject to arbitration. The amended complaint added counts of negligent infliction of emotional distress and consumer fraud.

Plaintiff timely moved for reconsideration. The judge denied the motion on the papers in a September 11 order. In her statement of reasons attached to the order, the judge, applying the standards set forth in Rule 4:49-2, D'Atria v. D'Atria, 242 N.J. Super 392, 401 (Ch. Div. 1990), and Cummings v. Bahr, 295 N.J. Super. 374, 384 (App. Div. 1996), reasoned that plaintiff "merely reargue[d]" the same contentions she previously rejected and that the initial decision "was not palpably incorrect, irrational or did not consider the evidence presented." The judge further noted that plaintiff's amended complaint did not alter her ruling. On October 16, the judge stayed her orders of August 7 and September 11 pending appeal.

A-0416-20

In his appeal, plaintiff argues the judge erred because, since the parties did not confirm their renewal agreement in writing, the arbitration clause does not apply to his claims. In going to arbitration, he argues, he will suffer "a waste of time"; it will cost him $15,000 in expenses for arbitration costs; and he will have to forfeit his rights to punitive damages, which he could receive from his religious discrimination and intentional infliction of emotional distress claims. He further claims a Superior Court judge is "more qualified" to decide his case; he does not know the rules of arbitration and "will likely lose" to defendants who are represented by counsel familiar with the rules; there is no discovery in arbitration; and he does not have a computer, which is needed in arbitration.

There is no merit to plaintiff's claims and we thus affirm substantially for the reasons expressed by the judge in her cogent decisions granting defendants' motion to stay. We add the following brief comments.

The Federal and New Jersey Arbitration Acts express a general policy favoring arbitration. Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 440 (2014); see also 9 U.S.C. §§ 1 to 16; N.J.S.A. 2A:23B-1 to - 36. An arbitration agreement is governed by principles of contract law. In Kernahan v. Home Warranty Adm'r of Fla., Inc., 236 N.J. 301, 319 (2019) (quoting Atalese, 219 N.J. at 442), our Supreme Court stated:

> In this state, when called on to enforce an arbitration agreement, a court's initial inquiry must be — just as it is for any other contract — whether the agreement to arbitrate all, or any portion, of a dispute is "the product of mutual assent, as determined under customary principles of contract law."

The validity of an arbitration agreement is a question of law, which we review de novo. Atalese, 219 N.J. at 445-46; Barr v. Bishop Rosen & Co., Inc., 442 N.J. Super. 599, 605 (App. Div. 2015). When reviewing a motion to compel arbitration, the court applies a two-prong inquiry: (1) whether there is a valid and enforceable agreement to arbitrate disputes, and (2) whether the dispute falls within the scope of the agreement. Martindale v. Sandvik, Inc., 173 N.J. 76, 86, 92 (2002).

"Under state law, 'if parties agree on essential terms and manifest an intention to be bound by those terms, they have created an enforceable contract.'" Flanzman v. Jenny Craig, Inc., 244 N.J. 119, 135 (2020) (quoting Weichert Co. Realtors v. Ryan, 128 N.J. 427, 435 (1992)). "Simply put, without an agreement to arbitrate, there can be no arbitration." MZM Constr. Co. v. N.J. Bldg. Laborers Statewide Benefit Funds, 974 F.3d 386, 397 (3d Cir. 2020). Whether the parties "clearly delegated" that threshold question about the formation of the agreement to an arbitrator is to be determined by a judge

7

applying the same "elements necessary for the formation of a contract under state law." Morgan v. Sanford Brown Inst., 225 N.J. 289, 295 (2016).

Here, there was a meeting of the minds that, despite not formally executing the renewal agreement, the parties' conduct indicated the agreement was in fact renewed. See Wanaque Borough Sewerage Auth. v. Twp. of W. Milford, 144 N.J. 564, 574 (1996) (contracts implied in fact for services are inferred from the parties' conduct or from the surrounding circumstances). Plaintiff paid the renewal fee and continued to request and receive Page Publishing's services. Plaintiff acknowledged that the arbitration clause applied when he sought that the arbitration be held in New Jersey rather than in New York. There is no doubt that the terms, including the mandatory arbitration clause set forth in the initial agreement, applied.

As for the denial of plaintiff's motion for reconsideration, we discern no abuse of discretion by the trial judge. See Kornbleuth v. Westover, 241 N.J. 289, 301 (2020). The record supports the judge's finding that plaintiff did not demonstrate that she "expressed [her] decision based upon a palpably incorrect or irrational basis, or . . . either did not consider, or failed to appreciate the significance of probative, competent evidence" introduced in the motion. Cummings, 295 N.J. Super. at 384 (quoting D'Atria, 242 N.J. Super. at 401).

Finally, we point out that on March 12, 2021, we granted plaintiff's motion to supplement the record.  However, none of those documents are relevant to the disposition of this appeal.[4]

Accordingly, we vacate the October 16, 2020 order staying the August 7, 2020 and September 11, 2020 orders imposed by the trial judge pending arbitration.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

---

[4] In addition, we later denied another motion by plaintiff to supplement the record, and our clerk's office returned additional submissions by plaintiff that were submitted after his motions had been decided and the appeal was fully briefed.

A-0416-20