**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3505-22

DIXON MILLS CONDOMINIUM
ASSOCIATION, INC.,

     Plaintiff-Respondent,

v.

RGD HOLDING COMPANY, LLC,
RMC MEZZANINE COMPANY,
LLC, RMC GTIS DIXON, LLC,
GOLDENTREE INSITE 72ND ST
LLC, RMPC DIXON, LLC, BRUCE
PETERSON, TIMOTHY M. JONES,
and RMFL, LLC,

     Defendants-Appellants,

and

ROBERT MARTIN COMPANY,
LLC, PROSPECT CAPITAL
GROUP, LLC, GREG BERGER,
MARK DURNO, ROBIN STEINER,
DAVID PARISIER, URS
CORPORATION, d/b/a AECOM,
THE SCHONBRAUN MCCANN
GROUP LLP, RMR RESIDENTIAL
REALTY, LLC, JP PROPERTY
SERVICES, LLC, HAYDEN
BUILDING MAINTENANCE

CORP., LANE ENGINEERING
CONSULTING, P.C., PUTNAM
STEEL, INC., GROS ENTERPRISES,
LLC, LINDEMON, WINCKELMANN,
DEUPREE, MARTIN AND
ASSOCIATES, P.C., PAREDIM
PARTNERS, LLC, and AECOM,
f/k/a URS CORPORATION,

     Defendants-Respondents,

and

BARRY RITHOLZ, MATTHEW
MCGRATH, PROPSECT
PROPERTY GROUP, and FIRST
GLASS SOLUTIONS, LLC,

     Defendants.
_____

URS CORPORATION,

     Third-Party Plaintiff-
     Respondent,

v.

RMFL, LLC c/o ROBERT MARTIN
CO. LLC and RMC GTIS DIXON LLC,

     Third-Party Defendants-
     Appellants.
_____

RMFL, LLC,

     Third-Party Defendant/Fourth-

2

Party Plaintiff-Appellant,

v.

PAREDIM PARTNERS, AECOM,
UNION STONE CLEANING AND
RESTORATION, INC., ZEPHYR
ELECTRICAL CONSTRUCTION,
INC., ASCOLESE AND TODISCO
DECORATING, INC., and FIVE
STAR BUILDING PRODUCTS,

    Fourth-Party Defendants-
    Respondents.

_____

Submitted March 12, 2024 – Decided August 5, 2024

Before Judges Sumners and Perez Friscia.

On appeal from the Superior Court of New Jersey, Law Division, Hudson County, Docket No. L-4277-16.

O'Toole Scrivo, LLC, attorneys for appellants RMFL, LLC, RGD Holding Company, LLC, RMC Mezzanine Company, LLC, RMC GTIS Dixon, LLC, RMPC Dixon, LLC, Prospect Capital Group, LLC, Greg Berger, Bruce Peterson, and Timothy M. Jones (Steven A. Weiner, of counsel and on the briefs; Peter V. Koenig and Brian R. Griffin, on the briefs).

Chasan Lamparello Mallon & Cappuzzo, PC, attorneys for appellant GoldenTree Insite 72nd St LLC, join in the briefs of appellants RGD Holding Company, LLC, RMC Mezzanine Company, LLC, RMC GTIS Dixon, LLC, RMPC Dixon, LLC, RMFL, LLC, Bruce Peterson, and Timothy M. Jones.

3

A-3505-22

Greenbaum, Rowe, Smith & Davis LLP, attorneys for respondent Dixon Mills Condominium Association, Inc. (Dennis A. Estis, of counsel and on the brief; Stephanie G. Reckord, on the brief).

PER CURIAM

Defendants RMFL, LLC (RMFL), RGD Holding Company, LLC (RGD), RMC Mezzanine Company, LLC (Mezzanine), RMC GTIS Dixon, LLC (GTIS), GoldenTree Insite 72nd St LLC (GoldenTree), RMPC Dixon, LLC (RMPC), Bruce Peterson, and Timothy M. Jones appeal from the July 7, 2023 Law Division order denying their motions to dismiss and compel arbitration. We affirm.

I

In 2016, plaintiff Dixon Mills Condominium Association, Inc. sued defendants and other parties regarding the condominium conversion of The Residences at Dixon Mills (Dixon Mills) in Jersey City. Plaintiff is responsible for maintaining Dixon Mills' common and limited common elements and facilities. The twenty-count Law Division complaint alleged: breach of contract; breach of the implied warranties of good quality, workmanship, and fitness for ordinary purpose; intentional misrepresentation; negligent misrepresentation; violations of the New Jersey Consumer Fraud Act, N.J.S.A. 56:8-1 to -20; failure to disclose Dixon Mills' "true physical and financial

4

A-3505-22

condition"; breach of the covenant of good faith and fair dealing; breach of fiduciary duty; violations of the budgetary reporting obligations set forth in N.J.A.C. 5:26-8.7; violations of the Planned Real Estate Development Full Disclosure Act, N.J.S.A. 45:22A-21 to -56; civil conspiracy; and violations of federal and New Jersey antiracketeering statutes—Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. § 1962(c) and N.J.S.A. 2C:41-1, -2, and -7.  The motion court (initial motion court) granted RGD, Robert Martin Company, LLC (Martin), Mezzanine, Greg Berger, and Jones's motion to dismiss and compel arbitration based on arbitration provisions in the purchase agreements that each buyer signed when the condominium units were purchased.

We vacated the initial motion court's order, concluding the arbitration provisions bound only individual unit owners and nothing in the motion record showed plaintiff "clearly and unambiguously waived its right to sue and agreed to arbitrate" when bringing claims on its own behalf rather than on behalf of individual unit owners.  Dixon Mills Condo. Ass'n v. RGD Holding Co., No. A-3383-16 (slip op. at 7-9, 12-13) (App. Div. Feb. 28, 2018).  We also declined to find plaintiff was the unit owners' agent, as the moving parties did not raise the issue before the initial motion court, and we observed the motion record contained no factual basis to make this finding.  Id. at 14-15.

A-3505-22

We permitted plaintiff to file an amended complaint "specifying the basis for its claims" and remanded for the initial motion court to determine whether plaintiff's claims each belonged to it or the individual unit owners. Id. at 16-17. On remand, the initial motion court determined the amended complaint alleged harm to plaintiff, as every count "specifically [sought] damages for allegations that focus [on] the physical structure o[f] the common elements or the limited common elements of the premises and not the specific unit . . . of any . . . specific unit owners." Accordingly, its order and written decision held all claims belonged to plaintiff and were not subject to arbitration.

As discovery progressed over the next few years, plaintiff amended its complaint to name additional parties. RMFL, who was initially impleaded as a third-party defendant under the incorrect name "RMSL, LLC" and named as a direct defendant in plaintiff's third amended complaint, also impleaded several fourth-party defendants. The amendments and impleaders did not substantially alter the substance of plaintiff's claims, but merely added parties to the existing allegations or elaborated on a particular party's alleged harm to Dixon Mills' common elements.

RMFL, which was not involved in the original motion, moved to dismiss and compel arbitration based on the purchase agreements. GoldenTree, Martin,

Mark Durno, Prospect Capital Group, LLC, RGD, RMPC, GTIS, Berger, and Jones joined RMFL's motions. RMFL argued it was not bound by our prior decision or the initial motion court's post-remand ruling because it became a party after the post-remand ruling was issued.

On July 7, 2023, a different motion court denied RMFL's motions. Invoking the law of the case doctrine and citing Lawson v. Dewar, 468 N.J. Super. 128 (App. Div. 2021), the court explained in its oral decision that it was deferring to the initial motion court's post-remand ruling because plaintiff's amended pleadings did not raise different claims than? the initial motion court had deemed non-arbitrable. The court rejected RMFL's contention that plaintiff was the individual unit owners' agent, pointing to our prior observation that the facts before us did not suggest an agency relationship, Dixon Mills Condo. Ass'n, slip op. at 15 n.8. The court noted RMFL conceded during oral argument that subsequent discovery had not uncovered new evidence of an agency relationship. The court determined our decision was binding "whether or not RMFL was a party at that time."

Defendants appealed. We stayed all proceedings before the motion court pending appeal.

A-3505-22

II

Before us, defendants contend the Condominium Act, N.J.S.A. 46:8B-1 to -38, subjects plaintiff to the arbitration provisions because plaintiff "assert[s] tort claims concerning the common elements and facilities of the development as if the claims were asserted directly by the unit owners individually," for the unit owners "are the true and only owners of the common elements." Defendants claim the law of the case doctrine does not preclude these arguments because: 1) we did not address the Condominium Act or agency; 2) RMFL was not a party when we issued our prior decision; and 3) courts cannot cite our prior unpublished decision. Plaintiff counters that the motion court correctly relied on our decision and the initial motion court's post-remand ruling because the Condominium Act gives condominium associations exclusive standing to bring claims involving the condominium's common elements. We reject defendants' arguments because they belie the record and applicable legal principles.

Buyers in a condominium acquire their "individual unit" and "a proportionate undivided interest in the condominium community's common elements," which are shared by all unit owners. Fox v. Kings Grant Maint. Ass'n, 167 N.J. 208, 219 (2001). Common elements include the condominium development's walkways, parking areas, roofs, and other "apparatus and

installations existing or intended for common use." N.J.S.A. 46:8B-3(d). Unlike the unit owners' exclusive ownership of their respective units, their shared rights to the common elements "cannot be partitioned" from each other. Jennings v. Borough of Highlands, 418 N.J. Super. 405, 420 (App. Div. 2011) (citing N.J.S.A. 46:8B-6). "Because of the shared nature of common elements, the Condominium Act" empowers condominium associations "to oversee and administer" the common elements on the unit owners' collective behalf. Ibid.

Accordingly, condominium associations may "assert tort claims concerning the common elements and facilities of the development as if the claims were asserted directly by the unit owners individually." N.J.S.A. 46:8B-16(a). Unit owners cannot bring such claims themselves because they cannot repair or change the common elements on their own without going through the condominium association. Belmont Condo. Ass'n v. Geibel, 432 N.J. Super. 52, 72 (App. Div. 2013) (citing N.J.S.A. 46:8B-18). The condominium association is responsible for suing third parties who damage the common elements, "collect[ing] the funds when successful, and apply[ing] the proceeds to repair the property." Port Liberte Homeowners Ass'n v. Sordoni Constr. Co., 393 N.J. Super. 492, 503 (App. Div. 2007) (quoting Siller v. Hartz Mountain Assocs., 93 N.J. 370, 377 (1983)).

A-3505-22

Applying our de novo review of the? arbitration provisions' validity, Atalese v. U.S. Legal Servs. Grp., L.P., 219 N.J. 430, 445-46 (2014), we discern no basis to disturb the motion court's reliance on our prior decision and the initial motion court's post-remand ruling under the law of the case doctrine. The doctrine is "triggered when one court is faced with a ruling on the merits by a different and co-equal court on an identical issue." Lombardi v. Masso, 207 N.J. 517, 539 (2011).

In our previous decision, we remanded for findings as to whether each claim in plaintiff's amended complaint belonged to it or the individual unit owners. Dixon Mills Condo. Ass'n, slip op. at 16-17. The initial motion court duly found that each claim was possessed by plaintiff because the claims "specifically [sought] damages for allegations that focus [on] the physical structure o[f] the common elements or the limited common elements of the premises and not the specific unit . . . of any . . . specific unit owners." As the substance of plaintiffs' claims remain unchanged, the subsequent motion court properly found no "substantially different evidence" warranted departure from the initial motion court's findings. See Tully v. Mirz, 457 N.J. Super. 114, 128 (App. Div. 2018).

A-3505-22

Our prior decision also observed there was no showing that plaintiff filed the complaint as the unit owners' agent.  Dixon Mills Condo. Ass'n, slip op. at 15 n.8.  Being unpublished, the decision was not binding precedent.  Trinity Cemetery Ass'n v. Township of Wall, 170 N.J. 39, 48 (2001); R. 1:36-3.  Yet, it is still binding against the parties in the underlying case.  See Raymond v. N.J. State Parole Bd., 221 N.J. Super. 381, 384 n.1 (App. Div. 1987).  Thus, we see no reversible error in the motion court's reliance on our prior reasoning when RMFL sought to repeat the same argument but, as it conceded, had no new evidence of an agency relationship between plaintiff and the unit owners.

To the extent we have not addressed the parties' remaining arguments, it is because we conclude they lack sufficient merit to warrant discussion in a written opinion.  R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-3505-22